Mr. Neil Flaxman City Attorney City of Hialeah Gardens
QUESTION:
Is the City of Hialeah Gardens authorized to borrow moneys from a special and segregated impact fee "construction account" established pursuant to an ordinance adopted in conformance with the case of Contractors and Builders of Pinellas County v. city of Dunedin, Florida, 329 So.2d 314 (Fla. 1976)?
SUMMARY:
The City of Hialeah Gardens may not borrow money from an impact fee account established in conformance with Contractors andBuilders of Pinellas County v. City of Dunedin, supra.
While this office has no authority to construe that provisions of local ordinances or clarify judicial decisions,[1] this appears to be primarily a matter of the construction and application of certain general legal principles. Therefore, I offer the following observations.
According to your letter the City of Hialeah Gardens has established a Department of Water and Sewers (the department) which is responsible for operating and maintaining the city water distribution and sewer collection system (the system). The department is also charged with the collection of water and sewer revenues for the system. When a resident connects with the system a connection charge is imposed and collected. These revenues are deposited into a special and separate account called the construction account.
You state that the city council and the mayor desire to borrow monies from the construction account to provide additional operating funds for the city. These construction account funds have not been previously committed during the period of the proposed loan. The city will pay a market rate of interest in connection with the loan from the construction account. The loan will be secured by a pledge and first lien upon permit fees and sufficient amount to pay the loan. The full faith and credit of the city will not be pledged.
The City of Hialeah Gardens has adopted a water service and sewer service ordinance in conformance with the requirements set forth in contractors and Builders Association of Pinellas county v. City of Dunedin, 329, So.2d 314 (Fla. 1976).[2] As that case requires, both ordinances: 1) establish connection charges for water and sewer service; 2) provide for a "construction account" into which the connection charges are deposited and held, and 3) restrict the use of construction account funds by stating that such moneys "shall be expended from that fund only for the purpose of defraying" certain costs associated with the construction, repair, extension and acquisition of capital equipment and facilities for these systems.
The issue in the Contractors and Builders case was the validity of a municipal ordinance authorizing the city to charge an impact fee for the privilege of connecting to its water and sewer system. The court approved the concept of impact fees and stated that "[r]aising expansion capital by setting connection charges, which do not exceed a pro rata share of reasonably anticipated costs of expansion, is permissible where expansion is reasonably required, if use of the money collected is limited tomeeting the costs of expansion."[3] (e.s.) The Court quoted the provisions of and Albany, Oregon, ordinance[4]
which it determined would satisfactorily restrict the use of the fees to be collected:
 All monies received from the Sewer Connection Charges plus interest, if any, shall be deposited in the Sanitary Sewer Capital Reserve Fund . . . and shall be expended from that fund only for the purpose of making major emergency repairs, extending or oversizing, separating, or construction new additions to the treatment plant for collection and interceptor systems.
The Court found that the ordinance enacted by the City of Dunedin did not contain such restrictions on the use of fees as were necessary to sustain the validity of the ordinance. It stated that "[t]here is no justification for such casual handling of public moneys, and we therefore hold that the ordinance is defective for failure to spell out necessary restrictions on the use of fees it authorized to be collected."[5] While the Court determined that the ordinance under which Dunedin was collecting its impact fee was invalid, it pointed out that the city could remedy the defect by "adopting another sewer connection charge ordinance, incorporating appropriate restrictions on use of the revenues it produces."[6]
A more recent case involving the validity of county dedication or fee requirements is Hollywood, Inc, v. Broward County,[7]
a Fourth District Court of Appeal case decided in 1983. The trail court determined that a county ordinance was valid which required, as a condition to plat approval, that a developer/subdivider dedicate land or pay a fee to expand the county park system to accommodate new residents. In theHollywood case, the court related the general legal principle that "reasonable . . . impact fee requirements are permissible so long as they offset needs sufficiently attributable to the subdivision and so long as the funds collected are sufficiently earmarked for the substantial benefit of the subdivision residents."[8] The court stated that:
In order to satisfy these requirements, the local government must demonstrate a reasonable connection, or rational nexus, between the need for additional capital facilities and the growth in population generated by the subdivision. In addition, the government must show a reasonable connection, or rational nexus, between the expenditures of the funds collected and the benefits accruing to the subdivision. In order to satisfy this latter requirement, the ordinance must specifically earmark the funds collected for use in acquiring capital facilities to benefit the new residents.[9]
Thus, in order avoid a decision by the courts that they are invalid, ordinances which impose impact fees must earmark the funds collected and restrict their use to those purposes.
As the Court pointed out in the Contractors and Builders case, if surcharges were collected for purposes extraneous to the enforcement of the building code (as an example, the use of fees to be paid as a condition for issuance of building permits being used for road maintenance), the surcharges would amount to taxes which the municipality had not been authorized to impose. However, as the lower court pointed out "connection fees such as those involved in this case do not constitute a tax but as charge which may be made for the use of the utility service pursuant to the authority of its charter and Fla. Stat. s. 180.13 (1971),providing they meet the criteria hereafter set forth."[10]
(e.s.) These criteria were that "where the growth patterns are such that an existing water or sewer system will have to be expanded in the near future, a municipality may properly charge for the privilege of connecting to the system a fee which is in excess of the physical cost of connection, if this fee foes not exceed a proportionate part of the amount reasonably necessary to finance the expansion and is earmarked for that purpose."[11]
(e.s.)
The clear import of these cases is that a valid impact fee ordinance must include restrictions on the use of funds collected thereunder. The utilization of these funds for any other purpose would jeopardize the validity of the fee itself and expose the ordinance under which it is imposed to challenge.
Therefore, it is my opinion that the City of Hialeah Gardens may not borrow monies from a special and segregated impact fee "construction account" which has been established by ordinance in conformance with the requirements for such fees by Florida case law.
[1] See, Department of Legal Affairs Statement of Policy concerning Attorney General Opinions.
[2] Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976), appealafter remand, 358 So.2d 846 (2 D.C.A. Fla., 1978), cert.denied, 444 U.S. 867 (1979).
[3] 329 So.2d at 320.
[4] This ordinance was the subject of litigation in Hayes v. city of Albany, 7 Or. App. 277, 490 P.2d 1018 (1971).
[5] Id. at 321.
[6] Id. at 322.
[7] 431 So.2d 606 (4 D.C.A. Fla., 1983), pet. for rev.den., 440 So.2d 3523 (Fla. 1983).
[8] 431 So.2d at 611.
[9] Id. at 611-612.
[10] See, City of Dunedin v. Contractors and Builders Association of Pinellas County, 312 So.2d 763, 766 (2 D.C.A. Fla., 1975). And see, AGO 90-16 (impact fees are not taxes but are imposed as regulatory fees to assist in funding the expansion of governmental services necessitated by the demands placed upon such systems by new construction and development) and AGO 76-137 (an impact fee or user charge established by city ordinance imposed on a school board for the privilege of connecting to a city's water and sewer system is not a tax or special assessment but a user charge imposed by the city for the privilege of connecting to the city's water and sewer system for which the school board is liable the same as it is for the other utility fees and charges of publicly or privately owned utilities).
[11] 312 So.2d 763, 766 (2 D.C.A. Fla., 1975).